This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                                          **No. 33,860**

**LJUVIC VULJEVIC,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Briana H. Zamora, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Santa Fe, NM
Josephine H. Ford, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**SUTIN, Judge.**

**{1}** Defendant appeals from an on-the-record district court judgment affirming his driving while intoxicated (DWI) conviction. We issued a calendar notice proposing to affirm. Defendant has responded with a memorandum in opposition. We affirm.

**{2}** Defendant continues to argue that the evidence was insufficient to support his conviction for DWI. [MIO 14] A sufficiency of the evidence review involves a two-step process. Initially, the evidence is viewed in the light most favorable to the verdict. Then the appellate court must make a legal determination of "whether the evidence viewed in this manner could justify a finding by any rational trier of fact that each element of the crime charged has been established beyond a reasonable doubt." *State v. Apodaca*, 1994-NMSC-121, ¶ 6, 118 N.M. 762, 887 P.2d 756 (internal quotation marks and citation omitted).

**{3}** In order to convict Defendant of DWI, the evidence had to show that Defendant was under the influence of intoxicating liquor while operating a motor vehicle and that this affected his ability to operate the vehicle to at least the slightest degree. NMSA 1978, § 66-8-102(A) (2010); UJI 14-4501 NMRA. Our calendar notice proposed to hold that the facts set forth in the district court's memorandum opinion indicate that there was sufficient evidence presented to support Defendant's conviction. Specifically, Defendant's vehicle was stopped after an officer observed him driving erratically. [RP 104-05] Upon contact, the officer smelled the odor of alcohol. [RP

105] Defendant admitted to drinking and had bloodshot, watery eyes. [RP 105] Defendant performed poorly on the field sobriety tests and gave two BAC samples of .07. [RP 106] In light of this evidence, our calendar notice proposed to hold that that there was sufficient evidence presented to support Defendant's DWI conviction. *See, e.g.*, *State v. Soto*, 2007-NMCA-077, ¶ 34, 142 N.M. 32, 162 P.3d 187 (holding that there was sufficient evidence to support a conviction where officers observed the defendant driving, where the defendant admitted to drinking, and where the defendant had bloodshot and watery eyes, smelled of alcohol, and had slurred speech); *State v. Notah-Hunter*, 2005-NMCA-074, ¶ 24, 137 N.M. 597, 113 P.3d 867 (holding that evidence that a defendant smelled of alcohol, had slurred speech, admitted to drinking alcohol, failed field sobriety tests, and was driving erratically was sufficient to uphold a conviction for driving while intoxicated).

{4}     In his memorandum in opposition, Defendant argues that he provided alternative explanations for his erratic driving and indications of impairment. However, as noted earlier, under our standard of review, we look at the evidence in the light most favorable to the judgment. "Contrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject [the d]efendant's version of the facts." *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d

3

829; *see also State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314 (noting that the fact-finder is free to reject a defendant's version of events).

**{5}**    For the reasons set forth in this Opinion, we affirm.

**{6}**    **IT IS SO ORDERED.**

_____

**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____

**MICHAEL D. BUSTAMANTE, Judge**

_____

**RODERICK T. KENNEDY, Judge**